Chief Justice Rouertson,
delivered the opinion of the court.
Martha Caldwell was entitled to a life estate, ita a male slave, named Joe, and Allen Caldwell owned the reversion. But by a contract in writing, she agreed to pay him $25 annually, for the use of the negro, whose entire value was proved to be $400.
In this right, and under this contract, sbe had been in possession of Joe, in lb 19-20, and 21.
In 1820, she made a bill of sale of him to Cyrus ÍL McCracken, in which, for the consideration of $82 60 cents, she t' ansferred to M£Cracken, ail her right to Joe. and to damages against Allen Caldwell, for taking him from her, and delaining him, deducting $25 a year, which she had agreed to pay him.
In March, 18/27, Martha Caldwell, for the use of C, H. M£Cr acken, br ought an action of detinue agaihst Allen Caldwell, for Joe.
A. Caldwell pleaded non detinet; arelease by Martha. Caldwell pending ¡he suri, and non detinet within five years. Issues we. e formed on the first and third pleas; and io the second, a replication was filed, averring, in substance, ¡bar Martha Caldwell had sold to M‘Cracken, her rigid to Joe, before the da¡e of the release; and authoiized inm io obtain the possession of him by suit; and that as the suit was brought by him, and for his benefit, in the name of his vendor, she had no right to control it, nor reiea-e Us benefits.
A demurrer 'o this replication having been overruled, the case was tried on the issues on the first and third *17 pleas, and a verdict was found for the plaintiff in the action, for the slave, if to be found; if not to be had, for $400, his value, and for $195, damages for his detention; and the court rendered a judgment on the verdict, and according to its tenor.
Sale of slave, which Í3 in , another holding- adversely to vendor, invandee^the legal title,
Sale of chose in action, passes only an eqUity. ^ &
To reverse this judgment, various errors are assigned, wbiich we shall not notice in detail.
The declaration is good; the verdict and judgment are sufficiently specific and formal. The court did not err m refusing to instruct the jury as m case oí a non-suit, on the ground that Mrs. Caldwell, having made the bill of sale to M'Cracken, was thereby divested of her legal right to the slave. For if Allen Caldwell held the slave adversely to Mrs. Caldwell, at the date of the sale to M‘Craeken, as her right was a mere chose in action,her sale did not vest in the vendee the legal right. The sale of a chose in action passes only an equity. Although there was no positive proof that Allen Caldwell was in the adverse possession of the slave, at the date of the bill of sale, nevertheless there were circumstances, from which the jury might have inferred the fact.
But the replication to the plea of release is insufficient; and therefore, the court erred in overruling the demurrer to it. It does not aver that A. Caldwell, or any other person, was in the adverse possession of the slave, at the date of the bill of sale, by M. Caldwell to M‘Cracken, nor does it contain any fact or averment, from which such adverse possession could be reasonably infered. The authority to insütute suit for him, and for his hire, does not imply that he was then adversely possessed by any person. It only means, that he might sue, if a suit should become necessary. Even the pen-dency of a suit for the slave, at the date of the bill of sale, would not per se, show that M. Caldwell’s right to him, was merely a chose in action: Thomas vs. Thomas’ executor, II Marshall, 433.
The matter relied on by the replication, to avoid the effect of the release, is insufficient, because it shows that M. Caldwell had no right to maintain the action. For the sale, to M'Cracken, transferred the legal right to him, unless the vendor held only a chose in action. Therefore, as the suit was brought in the name of the. *18 vendor. The replication to the plea of her release, is a departure from the cause of action; because, if it be true, it shows that she had no cause of action.
Denny, for appellant; Hoggin and Richardson, for appellee.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.